# IN THE COURT OF APPEALS OF IOWA

No. 17-1366
Filed May 16, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK ANTHONY HOWARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        Mark Howard appeals from the sentence imposed following his guilty plea

to assault causing injury.  **AFFIRMED.**


        Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Mark Howard appeals his sentence for assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code sections 708.1 and .2(2) (2017).

Amandalyn Granvold, Jennifer Antenor, and Tiffany Caruthers were out together having drinks on March 19, 2017. They were confronted at the bar by Howard, who was in a relationship with Caruthers. The women left the bar and walked back to Caruthers's vehicle. Howard confronted them, shouted at them, and hit Antenor in the left side of her face. There were no marks or injuries to Antenor's face. Granvold attempted to intervene, and Howard struck Granvold in the face with a closed fist, breaking her nose.

As a result of the encounter, Howard was charged with assault causing bodily injury to Granvold. He also had other pending criminal charges including one charge of domestic assault, third or subsequent offense in one case; and in another case, three charges—possession with intent to deliver crack cocaine; failure to affix a drug tax stamp as a habitual offender; and conspiracy to create, deliver, or possess with intent to deliver crack cocaine as a habitual offender.

Howard entered a written guilty plea to assault causing bodily injury to Granvold. He accepted the minutes of evidence as substantially true and acknowledged a plea agreement existed "as evidenced by a memorandum of plea agreement which I have signed."[1] The district court held a hearing at which it acknowledged the written plea agreement, which provides that

---

[1] The memorandum of plea agreement signed by Howard included the case numbers of all three cases noted above. The agreement indicated Howard would plead guilty to possession with intent to deliver crack cocaine without the habitual offender status and

> [Howard] will plead guilty to count I in cause ending in 923, which is possession of crack cocaine, . . . and in the SRCR he would plead guilty as charged to assault causing bodily injury . . . . At sentencing, the State will move to dismiss Counts II and III in felony cause ending 923 and will dismiss FECRO 383374 at [Howard's] costs.

The court also noted it was an "open plea, which means that the State is free to make any recommendation." Howard acknowledged that was his understanding of the plea agreement.

A combined sentencing hearing was held. Howard was represented by separate counsel for the felony and misdemeanor cases. The attorney on the felony case, Jack Dusthimer, acknowledged that a presentence investigation report (PSI) had been prepared and made available to counsel, Howard had read it, and there were no substantive changes or corrections. Dusthimer asked that Howard receive probation. Ryan Beckenbaugh, counsel on this misdemeanor case, then stated:

> I will join and echo most of—actually, all of Mr. Dusthimer's comments, and I would put emphasis on the needs identified. Two of them are that Mr. Howard needs a substance abuse evaluation and mental health evaluation. Like [Dusthimer] said, those could be provided here, but there are also things Mr. Howard needs to help get himself better, and then, I would just point out that I think it's significant that he responded to one of the needs identified already by going out and getting this job at Rustic Ridge. I think that shows a willingness to address some outside input from the PSI author and try to follow up on the recommendation.

The State recommended that the court impose concurrent sentences of incarceration but did not specify an amount of time.

---

the State would dismiss the other two counts in that case and the domestic-assault charge in the third case.

First, the district court recognized Howard's remorse and believed it to be genuine. The district court then acknowledged it had reviewed Howard's PSI, which indicated Howard had completed a risk assessment. The court also noted Howard's extensive criminal history and his "problem" in not "be[ing] able to successfully complete any probation in any of the cases that you have convictions." Those unsuccessful probations were discussed by the court. The court also noted Howard's "rough childhood," stating, "[A]nd though that stinks, and I feel bad for you for that, . . . you're an adult now, and you're [twenty-eight], and you can make your own choices." In addition, the court acknowledged that Howard was currently employed. The court then stated,

> I do believe based on the things I've mentioned—your previous criminal history and the fact that you haven't been able to successfully complete any terms of probation in the past—that incarceration is the best option both to—I agree with the PSI and the State—both to provide maximum rehabilitation for you and protection of the community.

The district court sentenced Howard to an indeterminate term of incarceration not to exceed ten years on the felony conviction[2] and a one-year term on the misdemeanor conviction. The court reopened the record to reflect that it had

> run the sentences concurrent, so the SR case wouldn't add any more time to what you're serving, but I forgot it's a year sentence. The felony is an indeterminate term, but I misstated what your sentence is on your SR. It's one year, 365 days, to run concurrent with your ten years in FECR381923.

On appeal, referring this court only to the last statements and the written judgment, Howard argues that the district court abused its discretion by sentencing

---

[2] Howard's appeal from the ten-year sentence imposed on his felony conviction is decided by this court in a separate opinion filed today. *State v. Howard*, No. 17-1352, 2018 WL ___ (Iowa Ct. App. May 16, 2018).

him in this case without considering the "minimal essential factors" described in *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (citation omitted).

The record of the combined sentencing hearing cannot be ignored and belies the claim. Finding no abuse of discretion, we affirm. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.").

**AFFIRMED.**